Sheffield Nelson, Esq. Jack Nelson Jones Jiles Gregory, P.A. One Cantrell Center
2800 Cantrell Road, Suite 500 Little Rock, Arkansas 72202
Dear Mr. Nelson:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated measure. You have submitted three previous popular names and ballot titles for similar measures, two of which I rejected in Ops. Att'y Gen. Nos. 2011-021 and 2008-011, due to unresolved ambiguities in the text of each measure. This office certified one of your submissions, as evidenced by Op. Att'y Gen. No. 2008-027. You have since elected to make changes to your measure and have submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title are as follows:
 Popular Name
THE NATURAL GAS SEVERANCE TAX ACT OF 2012 Ballot Title AN ACT PROPOSING THAT EFFECTIVE JANUARY 1, 2013, THE SEVERANCE TAX ON NATURAL GAS SEVERED FROM WITHIN THE STATE OF ARKANSAS BE INCREASED TO SEVEN PERCENT (7%) OF THE MARKET VALUE OF SUCH *Page 2 
NATURAL GAS AT THE TIME SUCH NATURAL GAS IS SEVERED; PROVIDING THAT THE NEW SEVERANCE TAX RATE WILL SUPERSEDE AND REPLACE THE OLD RATES WHICH WERE BASED ON FOUR CATEGORIES OF NATURAL GAS DEFINED IN ARKANSAS CODE § 26-58-101, ALL OF WHICH ARE REPEALED BY THIS ACT; PROVIDING THAT IT WILL ALSO PROVIDE THE SINGLE SEVERANCE TAX RATE OF SEVEN PERCENT (7%) OF MARKET VALUE, VERSUS VARIOUS SEVERANCE TAX RATES, AS PROVIDED FOR IN ARKANSAS CODE § 26-58-111, ALL OF WHICH ARE REPEALED BY THIS ACT; PROVIDING THAT ALL COST RECOVERY PERIODS FOR VARIOUS CATEGORIES OF NATURAL GAS DESCRIBED IN § 26-58-127 WILL BE REPEALED; PROVIDING THAT THIS INCREASE TO SEVEN PERCENT (7%) OF MARKET VALUE IS BEING PROPOSED TO BRING THE SEVERANCE TAX ON NATURAL GAS MORE IN LINE WITH THE SEVERANCE TAX RATES CHARGED IN THE SURROUNDING NATURAL-GAS-PRODUCING STATES OF TEXAS, OKLAHOMA AND LOUISIANA AND TO RAISE ADDITIONAL REVENUES TO BE USED IN THE CONSTRUCTION AND REPAIR OF ARKANSAS HIGHWAYS AND ROADS; EFFECTIVE JANUARY 1, 2013, SECTION 26-58-124(C) OF THE ARKANSAS CODE IS AMENDED TO READ AS FOLLOWS: (C) ALL TAXES, PENALTIES, AND COSTS COLLECTED BY THE DIRECTOR ON NATURAL GAS SHALL BE DEPOSITED INTO THE STATE TREASURY AS FOLLOWS: (1) TWO PERCENT (2%) OF THE FUNDS SHALL BE CLASSIFIED AND DEPOSITED AS GENERAL REVENUES TO BE DISTRIBUTED AS FOLLOWS: (A) ONE PERCENT (1%) TO THE CONSTITUTIONAL OFFICERS FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; (B) TWO PERCENT (2%) TO THE STATE CENTRAL SERVICES FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; AND (C) THE REMAINING NINETY-SEVEN PERCENT (97%) SHALL BE DISTRIBUTED UNDER THE REVENUE STABILIZATION LAW OF ARKANSAS, § 19-5-101 ET SEQ.; (2) NINETY-EIGHT PERCENT (98%) OF THE FUNDS SHALL *Page 3 
BE CLASSIFIED AND DEPOSITED AS SPECIAL REVENUES TO BE DISTRIBUTED AS FOLLOWS: (A) ONE PERCENT (1%) TO THE CONSTITUTIONAL OFFICERS FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; (B) TWO PERCENT (2%) TO THE STATE CENTRAL SERVICES FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; AND (C) THE REMAINING NINETY-SEVEN PERCENT (97%) SHALL BE TRANSFERRED IN THE FOLLOWING MANNER: (I) SEVENTY PERCENT (70%) TO THE STATE HIGHWAY AND TRANSPORTATION DEPARTMENT FUND; (II) FIFTEEN PERCENT (15%) TO THE COUNTY AID FUND; AND (III) FIFTEEN PERCENT (15%) TO THE MUNICIPAL AID FUND; PROVIDING THAT THIS ACT SHALL BE EFFECTIVE ON JANUARY 1, 2013; PROVIDING THAT THE GENERAL ASSEMBLY SHALL ADOPT AND ENACT ANY AND ALL LAWS NECESSARY TO CARRY OUT THE INTENT OF THIS ACT; PROVIDING THAT ANY AND ALL LAWS, OR PARTS THEREOF, IN CONFLICT WITH THIS ACT ARE REPEALED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has beengiven no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest,342 Ark. 434, 29 S.W.3d 669 (2000); Donovan v. Priest,326 Ark. 353, 931 S.W.2d (1996); and *Page 4 Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See ArkansasWomen's Political Caucus v. Riviere,282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in *Page 5 
the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that the popular name is sufficient as submitted. It is therefore hereby approved as submitted. With regard to the ballot title, a minor change is in my opinion necessary to make it more suitable and correct. The following ballot title is hereby substituted and certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title AN ACT PROPOSING THAT EFFECTIVE JANUARY 1, 2013, THE SEVERANCE TAX ON NATURAL GAS SEVERED FROM WITHIN THE STATE OF ARKANSAS BE INCREASED TO SEVEN PERCENT (7%) OF THE MARKET VALUE OF SUCH NATURAL GAS AT THE TIME SUCH NATURAL GAS IS SEVERED; PROVIDING THAT THE NEW SEVERANCE TAX RATE WILL SUPERSEDE AND REPLACE THE OLD RATES WHICH WERE BASED ON FOUR CATEGORIES OF NATURAL GAS DEFINED IN ARKANSAS CODE § 26-58-101, ALL OF WHICH ARE REPEALED BY THIS ACT; PROVIDING THAT IT WILL ALSO PROVIDE THE SINGLE SEVERANCE TAX RATE OF SEVEN PERCENT (7%) OF MARKET VALUE, VERSUS VARIOUS SEVERANCE TAX RATES, AS PROVIDED FOR IN ARKANSAS CODE § 26-58-111, ALL OF WHICH ARE REPEALED BY THIS ACT; PROVIDING THAT ALL COST RECOVERY PERIODS FOR VARIOUS CATEGORIES OF NATURAL GAS DESCRIBED IN § 26-58-127 WILL BE REPEALED; PROVIDING THAT THIS INCREASE TO SEVEN PERCENT (7%) OF MARKET VALUE IS BEING PROPOSED TO RAISE ADDITIONAL REVENUES TO BE USED IN THE CONSTRUCTION AND REPAIR OF ARKANSAS HIGHWAYS AND ROADS; EFFECTIVE JANUARY 1, 2013, SECTION 26-58-124(C) *Page 6 
OF THE ARKANSAS CODE IS AMENDED TO READ AS FOLLOWS: (C) ALL TAXES, PENALTIES, AND COSTS COLLECTED BY THE DIRECTOR ON NATURAL GAS SHALL BE DEPOSITED INTO THE STATE TREASURY AS FOLLOWS: (1) TWO PERCENT (2%) OF THE FUNDS SHALL BE CLASSIFIED AND DEPOSITED AS GENERAL REVENUES TO BE DISTRIBUTED AS FOLLOWS: (A) ONE PERCENT (1%) TO THE CONSTITUTIONAL OFFICERS FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; (B) TWO PERCENT (2%) TO THE STATE CENTRAL SERVICES FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; AND (C) THE REMAINING NINETY-SEVEN PERCENT (97%) SHALL BE DISTRIBUTED UNDER THE REVENUE STABILIZATION LAW OF ARKANSAS, § 19-5-101 ET SEQ.; (2) NINETY-EIGHT PERCENT (98%) OF THE FUNDS SHALL BE CLASSIFIED AND DEPOSITED AS SPECIAL REVENUES TO BE DISTRIBUTED AS FOLLOWS: (A) ONE PERCENT (1%) TO THE CONSTITUTIONAL OFFICERS FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; (B) TWO PERCENT (2%) TO THE STATE CENTRAL SERVICES FUND FOR THE PURPOSE SPECIFIED FOR THE FUND BY LAW; AND (C) THE REMAINING NINETY-SEVEN PERCENT (97%) SHALL BE TRANSFERRED IN THE FOLLOWING MANNER: (I) SEVENTY PERCENT (70%) TO THE STATE HIGHWAY AND TRANSPORTATION DEPARTMENT FUND; (II) FIFTEEN PERCENT (15%) TO THE COUNTY AID FUND; AND (III) FIFTEEN PERCENT (15%) TO THE MUNICIPAL AID FUND; PROVIDING THAT THIS ACT SHALL BE EFFECTIVE ON JANUARY 1, 2013; PROVIDING THAT THE GENERAL ASSEMBLY SHALL ADOPT AND ENACT ANY AND ALL LAWS NECESSARY TO CARRY OUT THE INTENT OF THIS ACT; PROVIDING THAT ANY AND ALL LAWS, OR PARTS THEREOF, IN CONFLICT WITH THIS ACT ARE REPEALED; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of *Page 7 
the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1